Good morning, Your Honors. Good morning. I pray that it pleases the Court. My name is Franklin L. Ferguson, Jr., on behalf of the appellant, Kenton Sheppard. Death looks at each of us every day, and we most of the time avert our eyes and try to avoid the glare, but Mr. Sheppard stared back for 120 seconds. In that time frame, he reasonably responded to the deputy. He acted in a manner that preserved his life. He behaved in such a fashion that he appeared to be the person who brought the situation down from a very perilous situation to one that was, he survived. A loaded Brera firearm pointed less than 12 inches from the temple of a gentleman is not, is more than enough force, is more than necessary force to enact a traffic detention. The facts of the case were not in dispute on video. Video demonstrates both the excessive force and also the, thereafter, the actions of illegal search and seizure of the officers. What this case is about is whether or not the jury was allowed to have access to those facts, and they were not, and the reason being was that the district court decided to not withdraw the Rule 36 admissions, and that's what the court has observed. I think this court has a very important function. Mr. Sheppard, his access to justice has been denied by virtue of inadvertent Rule 36 admissions. The Let me, I want to get the history straight on the request for admission. They were filed, they were filed at a time when he wasn't represented? No, Your Honor. He was represented. Represented throughout? Yes, Your Honor. Okay. Requests for admission come in, they're not answered in time, correct? Correct. And under the rule, that means they're deemed admitted? Correct. There's no motion to set aside those requests for admission. There's a discretionary motion under Rule 36B for months and months. Why, why the delay? The, the Rule 36 admissions were first corrected, they were first submitted late. But the late, the late, the late submission doesn't withdraw the deemed admissions. Correct. So you need, I think you agree, you need to go to a district court and say, under Rule 36B, let me off the hook. Correct. And that happened twice? Well, it happened once to the magistrate judge and then once to the district court. Right. But even with the magistrate judge, it was months after the admission, after the time for answering the admissions had expired. That's correct, Your Honor. And the district court, wasn't the district court entitled to find that the defendants had justifiably relied on those admissions in preparing their cases? No, Your Honor, because the admissions were inadvertent. And also, they, the actual upholding of the admissions pragmatically destroyed the case. There's no substance to the case left when you have the appellant admitting facts to the contrary of his allegations. And in fact, admitting facts to the contrary to the evidence of the video. So the case... But the video was put in evidence. It was, Your Honor, but it boils down to the fact that the jury on the, jury in Judge No. 21 was not able to consider... No, the jury was told you don't have to accept any of these. You can, you can accept them if you want to, but you don't need to. No, jury in Judge No. 21, Your Honor, specifically... Read me the beginning of No. 21. What does it say about what the jury must do, must or can do with these things? I read it as saying, you may deem these as admitted, but you're not required to. Isn't that what the judge told them? Your Honor, the instructions themselves include conclusions, such as, for example... I, no, that's a separate argument. I just, am I correct in saying that the judge told the jury they were not required to accept these admissions as true? You're correct, Your Honor, in that sense. And then the jury also did see the video? They did, but the actual instructions themselves preclude any other conclusion except for the defendant, because the instructions themselves specifically talk about there was no search. There was no, there was no, it was not excessive. The instructions themselves incorporate conclusions of law and fact, which vitiate the plaintiff's case. And that's one of the two standards. First, to withdraw the admissions, you have to see whether the upholding of the admissions would pragmatically eliminate the merits of the case. And that's the case here. Clearly, that happened. Number two, was there any prejudice? Here, the, there's no prejudice here, because you have the county is able to simply put on this case. The defendant, sorry, the plaintiff has the same case from the day of the complaint to the trial. The evidence of the videos there, the depositions that were taken by the plaintiff and also by the county itself, the only issue here was whether or not the court, the trial court, should withdraw the admissions. How do we review the trial court's decision? No. Don't we review for, the statute says abuse of discretion. The rule gives them discretion. Well, Your Honor, in this case, the Rule 36 says specifically that, well, two things. One, as a matter of law, the Rule 36 not being withdrawn resulted in the elimination of the plaintiff's ability to try his case. That was the issue, the main issue for the MSJ, the MSA, the motion of self-adjudication. It was also the main issue for Jurisdiction No. 21, which ultimately decided the case. Was there any good cause, explanation, or rationale for the failure to move earlier to withdraw the request to, I guess, excuse compliance with the request for admission? Anything earlier? No. The cause was in the declaration of counsel, which is myself, which essentially is that there was a medical emergency. There was a personal family emergency that precluded the timely submission. Once the information was brought to my attention, acted. The first act was to simply submit the responses, which is not sufficient, as the court pointed out. And the second act was to move ex parte, which was denied. And the third action was to move motion to eliminate. The ex parte application was the one made to the magistrate. Yes, Your Honor. And I can understand why a magistrate judge might say, I'm not going to do this ex parte. Yes, Your Honor. I can. It makes sense. But in this case here, the district court had a responsibility to weigh inadvertent admissions, which were cured, which were then also the subject of sanctions, which were paid, which definitely took the case off course. So we're not talking about the critical factors, which are public servants, the county, sheriff's deputies engaged in 120 seconds of excessive force, engaged in illegal search and seizure. That's eliminated by an inadvertent request for admission. And here, the trial court had the discretion and the ability to correct it, and this court had the ability to correct it. Because on its face, the actions that are not disputed result in excessive force, result in illegal search and seizure. And that's the point the court should, I think, take notice of. So when did you realize that you had effectively admitted the request for admissions? Yes, Your Honor. Just before you filed the motion, the first motion to the magistrate judge? Yes, Your Honor. Yes, that's correct. All right. So you thought for some reason that your request for admissions answers were okay. And you didn't realize they weren't until the motion for summary judgment. To the motion for summary judgment in response to that, yes, Your Honor. And the motion for summary judgment in the case was the one we brought. And then the response, the- The response was you've admitted a bunch of things. Right. Correct. And that's absolutely correct. And at that point, we moved as party, which was denied. And then the motion to eliminate was the next opportunity to address the issue. Did you say in response to the county's argument to the district judge, oh, my gosh, we didn't mean to admit those things. Judge, we'll file a motion quickly. We'll get rid of it. The next communication with the court, as close as I can tell, is the ex-party application to the magistrate judge. That's correct. That's correct. That's correct. And, again, the issue becomes, to my attention, in June of 2016, Charles' September. The first thing we did was the ex-party motion. And, again, the motion to eliminate would do thereafter. And nobody's casting blame on particular people. We're just trying to get the chronology straight. And it's a very important chronology. But the rule of credit itself tells the court that where, in fact, the failure to withdraw the admissions result in elimination of the ability of the party to try the case, they should be, in fact, withdrawn. See, that's why I was asking you the question before. I'm not sure how it eliminates your ability to try it when the judge tells the jury, you may can find these facts to be true, but you're not required to, and lets you put on your entire case to show that they're not true. Well, it didn't do that. We only had approximately four hours to try our case. But you don't raise any objections on appeal to evidentiary issues or the way the judge lets you try your case. Your only objections on appeal are with respect to withdrawing the admissions and Instruction 21. True. And in 21, when you have the conclusions that are within the wording of that instruction, it's virtually impossible for a jury to decide otherwise. So when you have, for example, the need for a search to be a part of the finding, and the judge says there was no search, then the jury has no choice but to find it in the way it found. Pragmatically, and I'm going to reserve about three minutes of my time here, pragmatically, the case boils down to this. demonstrating as a matter of law, excessive force, illegal search and seizure, versus an inadvertent admission, which was addressed twice. And it boils down to the court, the trial court. What could it have done? If the court wanted to believe that the county was prejudiced somehow, didn't have enough time to respond, continue the trial date. The court had no problem cutting us down from 14 hours to four hours, based on our estimate. What's in the best interest of justice? And clearly the court had the ability to do that. We don't have to wonder what happened in the case. We have videotape evidence. The court has seen that. It has that at its disposal. There's just no reason whatsoever to equate inadvertent admissions with evidence as a matter of law that demonstrates that the defendant was liable. I'll reserve my time for it. Thank you, counsel. Good morning, Your Honors. May it please the Court. My name is Antonio K. Kizzee from the law firm of Ivy McNeil, Wyatt, Purcell, and Diggs. And unless Your Honors have questions about the record, and I believe one of Your Honors did, I will proceed directly into my argument, which will address some of the points raised by my colleague. First, and in sum, although my colleague, as he said here, said that this case boils down to the trial court's, quote, erroneous handling of the Rule 36 admissions, specifically Senior District Judge S.J. Otero, this case really boils down to my colleague's erroneous handling of the Rule 36 admissions as follows. The record establishes, and it's undisputed, that these admissions were served in or around January. Four months passed with no correspondence, no request for an extension, no mention of this unspecified emergency until the responses were served. Then my colleague filed a motion for summary judgment and tellingly did not move to withdraw his admissions at any time during the motion briefing period, not before he filed the reply, not before he did the motion, even though we cited to his admissions in our opposition. And further... My recollection is that the reply didn't say, oh my gosh, we inadvertently admitted those things. Is that correct? That is correct. The ex parte application did not come, was not filed until approximately July 5th after all of the briefing had been done. And further, this isn't an isolated incident. This was part of a pattern and practice of discovery abuse and untimeliness. Docket 41. My colleague, Mr. Shepard, was fined $3,500 for discovery abuse, and then docket 71. Mr. Shepard was determined to be in violation of the Honorable Magistrate Judge Jacqueline Chulagen's order compelling his deposition. This appeal itself was dismissed for failure to prosecute because the opening brief was not filed until a month after the due date, along with the mediation questionnaire. So in this case, the jury heard, as Your Honor mentioned, all of the evidence, all of the testimony, this entire video, and they were properly instructed on the federal claims at issue. The jury was undisputably in the best position to decide the merits of this case and the credibility of the parties, because the key aspects of the incident, one being the position of Mr. Shepard's right hand and the other being the fact that he was in a position, whether or not he reached for the center console after the deputy saw what appeared to be gun cases in his vehicle, that is not shown on camera. So the jury was in the best position to hear all of the evidence, decide credibility, and decided this case. So whether or not we do anything about it, what's mildly troublesome about this case is we have a case that gets tried anyway. And why do we need the request for admission in there? Well, in this particular case, these requests for admission, you know, under Rule 36, they are often used because sometimes in some of these cases a plaintiff will sue all of the deputies at a scene alleging a certain cause of action. Deputies A, B, and C all sued for unreasonable search of a vehicle. In this particular case, as well as in the jury instructions, and specifically in excerpts of Record 973 and 974, looking at the requests for admission themselves, the Honorable Judge Otero correctly held that they were requests for admission of fact, because they don't state there was no search or the search was unreasonable. They say, admit that Deputy Plunkett did not search your vehicle. Admit that Deputy Bonnie Hanson did not search your vehicle. In particular... Well, there is one that's whether it was reasonable for the officers to suspect shepherd of burglary. That's not in the same kind of category you're talking about. That's not in the same kind of category, Your Honor. But here there was no claim that there was an unreasonable detention or that there was an arrest. As my colleague indicated, it boils down to the use of force and the search. So Judge Otero, he went, as the record shows, request by request by request, and ruled on each one individually. I think he went out of his way to do so, to determine this is a legal conclusion, this is a request for admission of fact. And further, my colleague is incorrect as to the standard here. Keep in mind, the first time he tries to withdraw his admissions is ex parte, which is properly denied, because as the Honorable Judge Chulagen determined, the appellant was not without fault in creating the crisis. Next, my colleague did not file a motion to withdraw the admissions, except by motion and lemonade, 35 days before trial, over a month past, after the magistrate denied the ex parte. So a motion and lemonade standard, it's undisputed, it's reviewed for abuse of discretion. So I want to explore the prejudice. How exactly would the county have been prejudiced, and specifically, in this case, by the withdrawal of these requests for admission, or the admissions? Yes, Your Honor, absolutely. Well, one, we spent, after, we spent months relying on them, approximately eight months, you create a, creating a trial is like creating a body. You start with the bones, and then the muscles, and then the blood, and then the brain. So every piece of evidence is woven inextricably, in my opinion, into the defense of the case. Or did you forego some discovery, or forego something in reliance on it? Well, it doesn't seem to, doesn't seem to have any specifics on that. Actually, here, to address both of your questions, there was an issue that Judge Otero, I believe, correctly noticed, that, okay, if I allow these admissions to be withdrawn, then we did not have the opportunity to go into discovery deposition about, okay, well, why did you deny this? Why did you deny that? A, B, C. But discovery isn't supposed to be about admissions. Discovery is supposed to be about the facts. What happened? That's absolutely correct. And if we're asking the appellant to admit to a certain fact, and he denies that, by moving to withdraw, or if we ask him to admit to a certain fact, and he denies that, ideally, you submit written discovery before you do the deposition, so you could inquire about it. However, here, we submitted the requests, they're automatically deemed admitted, months and months go by, and then, all of a sudden, 35 days before trial, Mr. Shepard wants to withdraw those admissions after discovery is cut off, after depositions have been completed, and at this point, I didn't have the opportunity, if he was to deny whether or not Deputy Plunkett or Bonnie Hanson searched his vehicle, to go into, well, what are the facts about that? Right, but you had all of these submissions, are facts within the county's knowledge and proof. I mean, you had your deputies, your policies, your video, I mean, all of this evidence is within your control. It seemed to me the one thing you would need to have done, and I'm going to ask you whether or not you had done it, was to depose Mr. Shepard. We did depose Mr. Shepard, and we deposed him before the motion for summary judgment briefing period, at which point, all of the discovery had, the written discovery had been done, the request for admissions, all of that brought up, and at which point, I don't think under this particular record, it can be shown that we wouldn't have suffered prejudice, because then, if these requests for admission are withdrawn, we don't have the opportunity to conduct discovery into the reasons for their denial, and then further, I don't think under this record, it could be said that Judge Otero abused his discretion beyond the pale of all reasonable justification, which is the standard for a motion in limine, based on all of these series of untimeliness and discovery abuse, and then waiting four months to respond to requests for admission, and then waiting until 35 days before trial to formally try to have them withdrawn. So, you know, it's our position that, maybe pivoting a little bit from the request for admission, there's five issues in the appellant's appeal. Three of them are already disposed of outright, because they have to deal with the appellant's motion for summary judgment, because the trial record, under both Ninth Circuit authority... It's not reviewable. Whether he's... If he should have gotten summary judgment, then he should have won a trial. Agreed. It's not reviewable. We don't review denial motions for summary judgment. Exactly. That was our position as well. So then, going to the motion in limine itself, regarding whether it was an abuse of discretion, Judge Otero had all of the records, all of the facts. He determined, well, hey, if I allow all of these different things to be submitted, I'm going to have to interwoven these requests in part into their trial, their trial briefs, their trial witnesses, their direct examinations, the jury instructions. Listen, Mr. Franklin, you've been practicing a very long time. It's undisputed what the consequences of a Rule 36 failure to admit are. So, we're going to go to trial. And then, as Your Honor indicated, the jury instructions themselves tell the jury, hey, you are to consider all of my instructions. And then, two, you may deem these admitted. And then, further, they are to consider all of the evidence, which was the video, which was Mr. Shepard's testimony, the testimony of the deputies, the testimony of the witnesses, which, in part, obviously involves credibility determinations for the jury to make, and supplemented by my colleague's argument as to what the facts and evidence show or should show. And the jury unanimously finds against him. It's not by any means... Can I ask you about your argument that the notice of appeal is insufficient? Yes, Your Honor. What didn't the notice of appeal tell you that makes the slightest bit of difference in terms of your ability to deal with this case? You got an opening brief that raised the issues. You responded to them. I mean, aren't you being incredibly hyper-technical in that argument? Well, maybe, but here's what I think. Considering... Maybe, maybe, maybe not. Sometimes candor is not a good idea. But let's also talk about that, at which point, remember, three out of five of my colleague's appeal points are dismissed outright through the jury. But how were you hurt by that? Our case law is so clear. Ortiz says the motion for summary judgment is not appealable. You found that, I bet you, because you're a good lawyer in six or seven minutes once you started researching. How were you hurt by it? Well, I wasn't personally hurt by it, Your Honor, but these are taxpayer dollars paying my fees in order to draw this up. So what could have been spent on a motion to dismiss the appeal outright, or at least a large part of it early on, I then had to wait until... It would have failed. Your motion to dismiss the appeal would have failed. It would have failed in dismissing the entire appeal, you're right, but I would have at least tried, if I would have known ahead of time, to dismiss most of it. But you would have spent a bunch of money to dismiss the appeal on the motion for summary judgment, as opposed to just putting seven lines in your brief which says it's not appealable. Well, I would venture to say I would have had to spend a little bit less time... This is not your best argument. I understand. I'll concede that. I'll concede that as far as the notice issue, but I do think it's undisputed regarding the reviewability of a summary judgment order. And then last, on the jury instructions here. The standard, on one hand, reading the appellant's brief, nowhere does he say that Judge Otero misstated the law. There's no argument anywhere in the brief, nor articulation that the law was misstated. So I believe under Gant v. City of Los Angeles, he's arguing the formulation of the jury instructions, which is reviewed for abusive discretion. And so he argues that, well, it was an abusive discretion specifically for jury instructions, I believe, 29, 30, and 31, which state Deputy Plunkett, Deputy Hanson, Deputy Rodriguez did not search your vehicle. He claims, oh, well, those are conclusions of law. For the reasons that I originally said, we don't believe they're conclusions of law. And then number 78, regarding whether it's reasonable or not that he was a burglar, as Your Honor brought up. There's not an issue here as to whether he was reasonably or unreasonably detained or arrested. So as far as here, I don't think that it can be said that Judge Otero, the district court, abused his discretion beyond the pale of justice. All reasonable justification in these particular jury instructions, or in the motion in limine itself, based on this record. The court need not issue a blanket, and briefly, regarding the 9th, 4th, 6th, 7th, 8th, and D.C. circuits. I could not find a case that specifically clearly said a question of whether a search occurred is a factual versus a legal thing. But the court is not being asked to make this determination here, though all of those circuits said that a seizure is a factual determination. Here, the court need only hold that under the facts of this case, the request for admissions as phrased, and as phrased in the jury instructions, were very factually specific. Deputies A, B, and C did not search your vehicle. And the record, the evidentiary record and the testimony showed that Deputy Plunkett admitted, yes, he appeared to have gun cases in his vehicle. He was in his back seat, which I checked out, under the plain view exception, lawful intrusion, and immediately incriminating items, potentially, for the safety of the deputies. And then Deputy Bonnie Hanson testified, I went into his car to get his wallet, his registration, and his keys, just for identification purposes, period. So, he had all of the testimony he needed regarding the specific search, and he could have argued one way or the other. So, your honors, unless your honors have any further questions, I will submit that I think this case is very clear. The district court did not abuse its discretion or error in any way, and thank you very much for your time. Thank you, counsel. Mr. Ferguson, you had a few more minutes. Thank you, Your Honor. I submit that whether or not a search takes place is a matter of law, and the judge had to determine, and could have determined, based on the record. To tell a jury that there was no search precludes them from being able to find that determination in the plaintiff's fact. It's not always a matter of law, is it? Let's assume you accuse me of searching your house, and I say, I wasn't there, I was in Chicago that day. It's a matter of fact, isn't it? That is, Your Honor, but to say that there was no search, that's a different connotation. To say, to preclude the idea of a search by itself is an illegal determination. Didn't at least one of the deputies in this case say, I didn't even go into the car? Yes. So that's a matter of fact, isn't it, not a matter of law? That is, but again, when the judge says there was no search, you've cut off the inquiry. The jury's not going to be able to get into the facts. But as to that deputy, essentially she says, hey, I wasn't the person who searched your car. I'd like you to admit that so I'm not part of this case. And so that's a question of fact, I think, isn't it? Fair enough. It is, Your Honor. And on that vein, relative to jury number 21 and also the issue of the admissions, if the court looks at the page 43 of the brief, the appellant's brief, the state unequivocally that the conduct of Deputy Ty Plunkett was not outrageous. That by itself goes against the video evidence. It goes against the holding of a gun to Mr. Shepard's head for 120 seconds. So the jury can't go against the instruction when the court's telling them this was not outrageous. The jury is not counsel, not lawyers. They don't know what is and what is not. Here, Rule 36 was violated. Rule 36 was abridged. Rule 36 was not designed to have the colony squirt around and say, legally, technically, we didn't really violate it that badly. That's what he said. He told you it's okay because we got away with something that we shouldn't have got away with. It's okay. This case stands for the position that Mr. Ken Shepard needs your assistance relative to determination that, hey, this was not okay. What happened here was not okay, and it wasn't fair. To be as simple as I can make it, it wasn't fair, and the court knows it wasn't fair. I ask you to correct this injustice. Thank you. All right. Thank you very much, counsel.
judges: Wardlaw, Hurwitz, Bataillon